**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**DEMARIO WALKER, #L1625**                                                                 **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:08-cv-183-KS-MTP**

**LATASHA CLAY**                                                                             **DEFENDANT**

ORDER DENYING *IN FORMA PAUPERIS* STATUS
AND DISMISSING CASE

There came on for consideration of the Court in the captioned cause the Plaintiff's application to proceed *in forma pauperis* in this civil action. The Court finds that during Plaintiff's incarceration, he has brought at least three civil actions or appeals under § 1915 which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff's *in forma pauperis* application in this civil action will therefore be denied pursuant to 28 U.S.C. § 1915(g).

DISCUSSION

The Prison Litigation Reform Act provides, among other things, that a prisoner's privilege to proceed *in forma pauperis*. is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[1] The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons,* 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim).

Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Plaintiff Walker has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] 28 U.S.C. § 1915(g). Therefore, denial of Plaintiff's i.f.p. privilege is appropriate. Since Plaintiff is being denied permission to proceed as a pauper and the Court has not received payment of the filing fee for this civil action, this case will be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED, that Plaintiff's motion to proceed *in forma pauperis* in this cause is **denied** pursuant to 28 U.S.C. § 1915(g) and this case is hereby

---

[2] In *Walker v. State of Mississippi, et al.*, No. 3:04-cv-140-LN(S.D. Miss. July 25, 2006), Plaintiff's claim was dismissed for failure to state a claim.
    In *Walker v. Jackson, et al.*, No. 5:08-cv-221-DCB-MTP (S.D. Miss. July 14, 2008), Plaintiff's claim was dismissed as malicious.
    In *Walker v. San Diego County Clerks, et al.,* No. 3:08-cv-1504-JLS-NLS (S.D. Cal. Nov. 25, 2008), Plaintiff's claim was dismissed as frivolous.
    In *Walker v. United States of America, et al.,* No. 3:08-cv-1314-JAH-LSP (S.D. Cal. Dec. 3, 2008), Plaintiff's claim was dismissed for failure to state a claim.
    The Court notes that this is not intended to be an exhaustive list of Plaintiff Walker's "strikes" as there may be additional cases which have been dismissed pursuant to 28 U.S.C. § 1915(g).

**dismissed**.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court is directed to re-open this civil action if the full filing fee of $350.00 is paid within thirty days from the entry of this Order.

IT IS FURTHER ORDERED AND ADJUDGED, that all pending motions are terminated.

IT IS FURTHER ORDERED AND ADJUDGED that since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this Order of dismissal will be entered.

SO ORDERED, this the 11th day of February, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE